UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

FASHION LEAF GARMENT CO. LTD. and CTR HOLDINGS LLC,

        Plaintiffs,

-against-

RINGER JEANS LLC, RINGER JEANS APPAREL LLC, RINGERJEANS LLC, NEW AGE BRANDING LLC, E-Z APPAREL, LLC, ESSENTIALS NEW YORK, LLC, ESSENTIALS NEW YORK APPAREL, LLC, LIMITED FASHIONS, LLC and GABRIEL ZEITOUNI,

        Defendants.

Case No.:

COMPLAINT

---

Plaintiffs Fashion Leaf Garment Co. Ltd. and CTR Holdings LLC, through their attorney Bernard H. Fishman, for their Complaint against Defendants, allege upon information and belief as follows:

## PARTIES

1. At all times hereinafter mentioned Plaintiff Fashion Leaf Garment Co. Ltd. ("FLG") was and continues to be a Chinese corporation, authorized to conduct business and conducting business in The People's Republic of China ("China") with its principal place of business located at Room 1004, 10F, Xing Hua Centre, 433 Shanghai Street Hongkok, Kowloon, Hong Kong.

2. At all times hereinafter mentioned, Plaintiff CTR Holdings LLC ("CTR") is a limited liability company organized under the laws of the State of New York with its principal place of business located at 231 West 39th Street, New York, New York 10018. Alex Zhao is the

sole member and owner of CTR and resides at Room 603, Building 1, Runjing International, No. 9 Tianxing Road, Jiangning District, Nanjing, China ("Alex").

3. At all times hereinafter mentioned, Defendant Ringer Jeans LLC ("RJ") was and is a limited liability company organized under the laws of the State of New York with its principal place of business located at 148 West 37th Street, New York, New York 10018. Gabriel Zeitouni ("Gabe") is the sole member and owner of RJ.

4. At all times hereinafter mentioned, Ringer Jeans Apparel, LLC ("RJA") was and is a limited liability company organized under the laws of the State of New York with its principal place of business located at 148 West 37th Street, New York, New York 10018. Gabe is he sole member and owner of RJA.

5. At all times hereinafter mentioned, Defendant Ringerjeans, LLC ("Ringer") was and is a limited liability company organized under the laws of the State of New York with its principal place of business located at 148 West 37th Street, New York, New York 10018. Gabe is the sole member and owner of Ringer.

6. At all times hereinafter mentioned, Defendant New Age Branding LLC ("New Age") was and is a limited liability company organized under the laws of the State of New York with its principal place of business located at 148 West 37th Street, New York, New York 10018. Gabe is the sole member and owner of New Age.

7. At all times hereinafter mentioned, Defendant E-Z Apparel, LLC ("E-Z") was and is a limited liability company organized under the laws of the State of New York with its principal place of business located at 148 West 37th Street, New York, New York 10018. Gabe is the sole member and owner of E-Z.

8. At all times hereinafter mentioned, Defendant Essentials New York, LLC ("ENY") was and is a limited liability company organized under the laws of the State of New York with its principal place of business located at 148 West 37th Street, New York, New York 10018. Gabe is the sole member and owner of ENY.

9. At all times hereinafter mentioned, Defendant Essentials New York Apparel, LLC ("EA") was and is a limited liability company organized under the laws of the State of New York with its principal place of business located at 148 West 37th Street, New York, New York 10018. Gabe is the sole member and owner of EA.

10. At all times hereinafter mentioned, Defendant Limited Fashions, LLC ("LF") was and is a limited liability company organized under the laws of the State of New York with its principal place of business located at 148 West 37th Street, New York, New York. 10018. Gabe is the sole member and owner of LF.

11. At all times hereinafter mentioned, the actual place of business of Defendant Gabe was 148 West 37th Street, New York, New York 10018.

## JURISDICTION

12. Plaintiffs bring their Complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

## FACTS

13. At all times hereinafter mentioned the Defendants RJ, RJA, Ringer, New Age. E-Z, ENY, EA and LF were under the direct domination and control of the Defendant Gabe.

14.     The Defendants owe the Plaintiff FLG the sum of $3,712.578.70 for goods sold and delivered by said Plaintiff to the Defendants from on or about August 31, 2018 to on or about March 4, 2019. The goods consist principally of women's jackets, short trousers, pants and vests. Annexed as Exhibit A is a copy of an itemized statement reflecting all invoices billed by the aforesaid Plaintiffs to Defendants and payments made by the Defendants to said Plaintiffs.

15.     Defendants have claimed that an unspecified portion of the goods sold and delivered were defective. The Plaintiff FLG has told the Defendants to return for credit any goods they claim were defective. Nevertheless, the Defendants have neither returned any goods for credit nor made payment of the above balance which is past due the agreed upon 60 day term for payment.

16.     Furthermore, Plaintiff CTR entered into an Asset Purchase Agreement dated February 8, 2018 with the Defendant RJ (the "Agreement") whereby CTR purchased from RJ certain purchase orders and sales orders (the "Assets") for the sum of $230,000.00, later amended to $380,000.00. RJ operated a wholesale apparel business. Annexed as Exhibit B is a copy of the Agreement. The Agreement required, among other things (a) CTR to contribute the Assets to RJA upon the closing of the transaction; (b) RJ to discontinue to operate its wholesale apparel business; (c) RJA to operate such wholesale apparel business and (d) Gabe, CTR and Alex not to compete with RJA for a period of three (3) years. In addition, RJA, Gabe and CTR executed an RJA Operating Agreement (the "Operating Agreement") in connection with the Agreement. Annexed as Exhibit C is a copy of the Operating Agreement. The (a) Defendant RJ, never transferred the Assets to CTR; (b) Defendant RJ never discontinued to operate its wholesale apparel business; (c) Defendant RJA never operated a wholesale apparel business; and (d) Defendant Gabe engaged in competition with RJA, all in violation of the Agreement. CTR simply paid $380,000.00 to RJ but received nothing in return.

## COUNT I

### Goods Sold and Delivered

(All Defendants)

17. Plaintiff FLG repeats, reiterates and realleges each allegation set forth in paragraphs 1 through 16 inclusive hereof as if fully set forth herein.

18. Defendants owe the Plaintiff FLG $3,712.578.70 for goods sold and delivered by said Plaintiffs to the Defendants.

## COUNT II

### Breach of Implied Covenant of Good Faith and Fair Dealings

(All Defendants)

19. FLG repeats, reiterates and alleges the allegations set forth in paragraphs 1 through 18, inclusive hereof as fully set forth herein.

20. Said Plaintiff has performed all conditions, covenants and promises required to be performed by said Plaintiff in connection with the goods sold and delivered to the Defendants as alleged above.

21. Defendants have breached the covenant of good faith and fair dealing implied in the aforesaid purchase orders by failing to pay for goods sold and sent to them or to return the goods claimed to be defective for credit.

22. As a direct result of the Defendants' breaches of the implied covenant of good faith and fair dealing as aforesaid, Plaintiffs have suffered and will continue to suffer monetary damages in an amount to be proved at trial.

## COUNT III

### Breach of Contract

(Defendants Ringer Jeans LLC, Ringer Jeans Apparel, LLC and Gabriel Zeitouni)

23. Plaintiffs CTR repeats, reiterates and realleges the allegations set forth in paragraphs 1 through 22 inclusive, as fully set forth herein.

24. Defendants RJ, RJA and Gabe entered into the Agreement and Operating Agreement.

25. The Agreement and the Operating Agreement were supported by valuable consideration consisting of $380,000.00 paid by CTR to RJ. Defendants RJ, RJA and Gabe intentionally breached that Agreement and Operating Agreement.

26. As a result of the breach Plaintiff CTR has suffered damages which include the consideration of $380,000.00 paid by CTR to RJ and pecuniary loss and loss of opportunities to make profits from the Agreement and Operating Agreement in an amount to be proved at trial.

27. Accordingly, Defendants RJ, RJA and Gabe are liable for the breach of contract.

## COUNT IV

### Preliminary Injunction

### (All Defendants)

28. As a result of the events described above, monetary damages payable at a later time will not adequately compensate the Plaintiff FLG for the damages said Plaintiff has sustained, is sustaining or will sustain. The goods that were sold and delivered to the Defendants were seasonal in nature. As a result, by not returning now the goods Defendants claim are defective the Plaintiff FLG loses the opportunity to resell the alleged defective goods at full price

to other customers. Said Plaintiff believes those alleged defective goods were not defective. Said Plaintiff will succeed on the merits because it seeking payment only for goods which Defendants acknowledge are not defective (the vast majority of the goods), it will suffer irreparable harm without preliminary relief, the balance of equities support a preliminary injunction and such an injunction is in the public interest. Thus, Plaintiff FLG hereby demands that the Court issue a mandatory preliminary injunction requiring Defendants to return immediately any goods the Defendants claim were defective.

WHEREFORE, Plaintiffs demand judgment as follows:

(a)     On COUNT I, judgment against all Defendant for the sum of 3,712.578.70;

(b)     On COUNT II, judgment against all Defendants in an amount to be determined at trial;

(c)     On COUNT III, judgment against Defendants Ringer Jeans LLC, Ringer Jeans Apparel, LLC and Gabriel Zeitouni in an amount to be determined at trial but no less than $380,000.00;

(d)     On COUNT IV, judgment against all Defendants for a preliminary injunction as described below; and

(e)     costs, fees, attorney's fees and interest and with other legal or equitable relief that is appropriate.

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this Complaint: (1) is not being presented for an improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cause of litigation; (2) is supported by existing law or by an unfrivolous argument for extending, modifying

or reversing existing law; (3) the factual contentions for evidentiary support or, if specifically identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discretionary; and (4) the Complaint otherwise complies with the requirements of Rule 11.

Dated: April 16, 2019

_____
Bernard H. Fishman
New York Attorney Bar No. 1132760
Law Offices of Bernard H. Fishman
437 Madison Avenue, 24th Floor
New York, New York 10018
Tel. No.: (212) 92-9191
E-mail: bhflawyer@gmail.com