UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

FASHION LEAF GARMENT CO., LTD. ET AL.,　　　Case No. 19-cv-03381-ALC

　　　　　　　　　　　Plaintiffs,

-against-

RINGER JEANS LLC ET AL.,

　　　　　　　　　　　Defendants.
------------------------------------------------------------------x

**MEMORANDUM OF LAW IN RESPONSE TO
ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE
DISMISSED FOR LACK OF SUBJECT MATTER JURISDCTION**

Goldberg Weprin Finkel Goldstein LLC, as counsel for Ringer Jeans LLC and the other defendants, submits this Memorandum of Law in response to the Court's Order dated May 9, 2019 (ECF #34) relating to whether proper diversity jurisdiction exists. As set forth below, because Plaintiffs have failed to meet their burden of demonstrating diversity jurisdiction, this case should be dismissed.

**Procedural Posture**

Plaintiffs filed their complaint on April 23, 2019, invoking diversity jurisdiction under 28 U.S.C. § 1332. In the complaint, Plaintiffs made limited allegations regarding citizenship, simply noting that plaintiff Fashion Leaf Garment Co., Ltd. ("Fashion Leaf") is a Chinese corporation, and that plaintiff CTR Holdings LLC ("CTR") is a New York limited lability company.

The complaint correctly identified each defendant as a New York limited liability company. Plaintiffs, however, made no allegations in the complaint concerning the citizenship of the individual defendant, Gabriel Zeitouni, nor the citizenship of the members of the LLC

1

defendants. Submitted herewith is the Declaration of Charles Azrak, the sole member and manager of the lead defendant, Ringerjeans LLC, setting forth that Mr. Zeitouni and the members of the LLC Defendants are all residents of the State of New York for purposes of diversity jurisdiction.

By Order dated May 9, 2019, the Court *sua sponte* questioned diversity jurisdiction, and requested that the parties show cause in writing why the case should not be dismissed.

Plaintiffs, for their part, filed a Memorandum of Law on May 21, 2019 contending that Fashion Leaf is a Chinese corporation. Plaintiffs also contend that CTR is a New York limited liability company, and that its purported sole member, Alex Zhao, is a Chinese citizen.

Plaintiffs did not submit a declaration from the purported sole member, Mr. Zhao, confirming any of the statements in the Memorandum of Law. Plaintiffs also did not provide evidence of an operating agreement or other organizational document from either entity confirming the roster of members or their residence.

Moreover, Plaintiffs did not amend the complaint to indicate the citizenship of the members of either Plaintiff, or make proper allegations of the citizenship of the Defendants. Plaintiffs' limited response is insufficient to meet its burden in light of the Court's specific inquiry regarding diversity jurisdiction, and accordingly, the complaint should be dismissed.

## Point I

## Plaintiff has Failed to Meet it Burden of Proof To Establish Proper Diversity Jurisdiction

As this very Court has previously highlighted, the law is well settled in the Second Circuit that, for diversity purposes, the citizenship of a limited liability company is measured by the citizenship of its members. *PMX Agency LLC v. Blackstreet Capital Holdings LLC*, 2017 WL 3605380 (S.D.N.Y, August 21, 2017). *See, also, Handelsman v. Bedford Village Associates,*

*Ltd. Partnership*, 213 F.3d 48, 51-52 (2000) (holding that "for purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership"); *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) (citing *Handelsman* and noting "In general, the citizenship of a limited liability company is determined by the citizenship of each of its members").

Importantly, this Court noted in that *PMX* "[t]he plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists". *PMX* at \*1. Here, Plaintiffs have submitted no evidence whatsoever. By limiting their submission to a Memorandum of Law from counsel without any supporting declaration or documentary evidence, Plaintiffs have completely failed to meet their burden.

This failure is compounded here by the fact that Plaintiffs have not provided a proper response to an Order directing that Plaintiffs show cause why their complaint should not be dismissed. Indeed, despite having been alerted by the Court to the deficiencies in their initial pleading, Plaintiffs have not even filed an amended complaint to make proper allegations of diversity jurisdiction. *See,, e.g., PMX, Id.* at \*1 ("The absence of [citizenship] allegations regarding the members of Blackstreet makes PMX Agency's Amended Complaint deficient"). Accordingly, the complaint should be dismissed on the ground that Plaintiffs have neither pleaded nor otherwise provided evidence to support diversity jurisdiction.

## Conclusion

The Defendants respectfully request entry of an Order dismissing the complaint for failure to properly plead subject matter jurisdiction, and granting such other relief as may be just and proper.

Dated: New York, NY
May 23, 2019

                                              Goldberg Weprin Finkel Goldstein LLP
                                              Attorneys for the Defendants
                                              1501 Broadway, 22nd Floor
                                              New York, NY 10036
                                              (212) 221-5700

                                          By:    <u>/s/ Kevin J. Nash, Esq.</u>