USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/19/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FASHION LEAF GARMENT CO. LTD., et al.,

        Plaintiffs,

  -against-

RINGER JEANS LLC, et al.,

        Defendants.

19-CV-3381 (ALC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    Before the Court is a motion to intervene (Motion) (Dkt. No. 91) filed on April 27, 2020 by Anhui Garments Import & Export Co., Ltd. (Anhui) and supported by a memorandum of law (Mem.) (Dkt. No. 92) and the Declaration of Vincent Filardo, Jr. (Filardo Decl.) (Dkt. No. 93), which attaches, as an exhibit, Abhui's proposed pleading (Complaint in Intervention) (Dkt. No. 93-3). Anhui seeks to intervene as a party plaintiff pursuant to Fed. R. Civ. P. 24(a)(2) or, alternatively, Fed. R. Civ. P. 24(b)(1). Mem. at 16. Anhui reports that plaintiffs have consented to the Motion. *See* Mot. at 1; Filardo Decl. ¶ 7. The Court further notes that opposition papers were due on May 11, 2020, *see* Local Civ. R. 6.1(b), but none were filed. The Court is therefore satisfied that the Motion is unopposed.

    "On timely motion," a court may permit intervention by any person or entity with "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Court finds that the Motion is timely, having been filed near the beginning of the discovery period, less than two months after the Court issued its initial case management order. (Dkt. No. 89.) The Court further finds that Anhui's claims share common questions of law and fact with the underlying action, in which plaintiffs allege that defendants failed to pay various invoices for goods sold and delivered, consisting primarily of women's clothing. *See* First Amend. Compl. (Dkt. No. 69) ¶ 15. Anhui alleges that a "substantial subset" of the goods for which plaintiffs seek

payment were in fact sold by Anhui to two of the defendants, and therefore that Anhui is entitled to any associated payment. *See* Compl. in Int. ¶ 18. Anhui is therefore entitled to permissive intervention under Rule 24(b). "[H]aving resolved this motion solely through the application of Fed. R. Civ. P. 24(b)," the Court "does not address the question of intervention [as of right] under Fed. R. Civ. P. 24(a)." *Lichtman v. Blom*, 1990 WL 186856, at *1 (S.DN.Y. Nov. 19, 1990).

For the foregoing reasons, Anhui's motion to intervene is GRANTED pursuant to Fed. R. Civ. P. 24(b). Anhui shall file its Complaint in Intervention no later than **May 26, 2020**. The parties are directed to meet and confer concerning an amended case management and scheduling order and shall submit a proposed amended order (or a joint letter advising that no amendment is required) no later than **June 5, 2020**.

Dated: New York, New York
May 19, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**