UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/09/2020
```

FASHION LEAF GARMENT CO., LTD. and CTR HOLDINGS LLC,

      Plaintiffs,

v.

RINGER JEANS LLC, RINGER JEANS APPAREL LLC, RINGERJEANS LLC, NEW AGE BRANDING LLC, E-Z APPAREL, LLC, ESSENTIALS NEW YORK LLC, ESSENTIALS NEW YORK APPAREL, LLC, LIMITED FASHIONS, LLC, GABRIEL ZEITOUNI and CHARLES AZRAK,

      Defendants.

-----

ANHUI GARMENTS IMPORT & EXPORT CO., LTD.,

      Intervenor Plaintiff,

v.

NEW AGE BRANDING LLC, and LIMITED FASHIONS, LLC

      Intervenor Defendants.

C.A. No. 19-cv-03381-ALC-BCM

**STIPULATED PROTECTIVE ORDER**

      The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Protective Order – including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action,

and all other interested persons with actual or constructive notice of this Protective Order shall adhere to the following terms, upon pain of contempt:

**Introduction and Scope**

This Protective Order shall govern any and all manner and means of discovery between the parties, including entry onto land or premises, inspection of any and all documents and electronically stored information, and disclosure of information by other means, including communications between counsel. This Protective Order applies to all information produced or disclosed since the filing of this action regardless of whether such information was produced or disclosed prior to or after the entry of this Protective Order.

**Discovery Materials May Be Designated as Confidential**

1. Any person subject to this Protective Order who receives from any other person any "Discovery Material" (*i.e*., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential – Attorneys Eyes Only" (together, "Confidential Information") pursuant to the terms of this Protective Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing Discovery Material may designate as "Confidential" any portion thereof that contains non-public business, commercial, financial, or personal information, or information the producing person would not normally reveal to third parties except in confidence, or has undertaken with others to maintain its confidence, the public disclosure of which is either restricted by federal, state or People's Republic of China ("PRC") law or would likely, in the good faith opinion of the producing person, seriously harm the

2

producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others.

3. The person producing Discovery Material may designate as "Highly Confidential – Attorneys Eyes Only" any portion thereof that the producing person reasonably and in good faith believes that meets the same requirements as those for that designated as "Confidential" and that in addition contains: trade secrets or information concerning confidential research and development, or other commercial information that has value from not being generally known, and the disclosure of which creates a substantial risk of serious harm to the producing person; private personal information, including the types of information subject to the requirements of Fed. R. Civ. P. 5.2.; or other information and material, the public disclosure of which is likely to cause substantial injury to the producing person and/or its current or prospective business or business relationships. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

4. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys Eyes Only" the document or protected portion in a manner that will not interfere with legibility or audibility.

5. Deposition testimony may be designated as "Confidential" or "Highly Confidential – Attorneys Eyes Only" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If so designated, the final transcript of the

designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter. During a deposition, the deponent or any counsel present at the deposition may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the Party that testimony about to be given is Confidential Information. The designating party shall have the right to exclude any person not entitled under this Protective Order to receive the Confidential Information.

6. In the case of hearing testimony, whenever counsel deems that any question or line of questioning calls for the disclosure of Confidential Information, counsel may designate on the record prior to such disclosure that the information is Confidential Information and the designating party may also request to exclude any person not entitled under this Protective Order to receive the Confidential Information.

7. If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential," the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Protective Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential – Attorneys Eyes Only" designation within two (2) business days of providing such notice.

**Who May Receive Confidential Material**

8. No person subject to this Protective Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

(a) the parties to this action, including employees of the parties that counsel in good faith believe need to have access to such information for the prosecution or defense of this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(b) counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

(c) as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(e) any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(f) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(g) independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

(h) the Court and its staff; and

      (i) any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

9. Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Protective Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. All Confidential Information subject to this Protective Order that is received by a party shall be kept in secure facilities or otherwise stored in a manner to prevent its disclosure to unauthorized persons or the public.

11. Unless otherwise specified in this Protective Order, all Confidential Information or information so designated, including all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential Information, may not be used outside this action for any purpose whatsoever.

**Filing Confidential Materials in this Action**

12. Any person who either objects to or disagrees with any designation of confidentiality, may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or

disagreement. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

13. Notwithstanding the designation of material as "Confidential" or "Highly Confidential – Attorneys Eyes Only" in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal. The parties shall follow § 3 of Judge Moses's Individual Practices with respect to pretrial requests for filing under seal.

14. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously designated as Confidential or sealed during pretrial proceedings.

15. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Inadvertent Disclosure of Privileged Materials**

16. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

17. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed

Information, and provide a certification of counsel that all such information has been returned or destroyed.

18. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

19. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Protective Order shall limit the right of any party to request an *in camera review* of the Inadvertently Disclosed Information.

**Termination of the Litigation**

20. This Protective Order shall survive the termination of the litigation. Within 30 calendar days of the final disposition of this action, all Confidential Discovery Material and all copies, summaries, or compilations, thereof, including all electronic copies not contained in document databases, and including all notes of counsel, consultants, or others that incorporate in whole or in part information from Confidential Discovery Material, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

21. In the event that a party is dismissed by agreement from the case prior to conclusion of this matter in its entirety, all material containing Confidential Information or information so designated, other than pleadings, discovery responses, and exhibits contained in the

official court record, and attorney work product documents produced by the dismissed party shall be returned to the dismissed party or shall be destroyed within 30 calendar days from entry of the dismissal order. Counsel for any party or third-party that received Confidential Information or information so designated from a dismissed party shall make written certification of compliance with this provision and shall deliver the same to the dismissed party within 90 calendar days after the entry of the dismissal order.

22. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED.**

For Intervenor Plaintiff:

By: */s/ Vincent Filardo, Jr.*
  Vincent Filardo, Jr.
  500 Fifth Avenue, 50th Floor
  New York, NY 10110
  Telephone: (212) 319-4755

  Dated: September 8, 2020


For Plaintiffs:

Law Offices of Bernard H. Fishman

By: */s/ Bernard H. Fishman*
  Bernard H. Fishman, Esq.
  (BF 1340)
  437 Madison Avenue, 24th Floor
  New York, NY 10022
  Telephone: (212) 922-9191
  Fax: (212) 599-5085

  Dated: September 8, 2020

9

For Defendants and Intervenor Defendants:

GOLDBERG WEPRIN FINKEL GOLDSTEIN

By:   /s/ Joseph Ted Donovan
      Kevin J. Nash
      (KN 6274)
      Joseph Ted Donovan
      1501 Broadway, 22nd Floor
      New York, NY 10036
      Telephone: (212) 221-5700
      Fax: (212) 221-6532

Dated: September 8, 2020

> The Court construes ¶ 6 to refer to pretrial hearing testimony, not trial testimony, which is addressed in ¶ 14. The parties are advised that, although they may request to exclude persons from a hearing, they should not presume that the Court will grant that request.

**SO ORDERED.**

Dated:  September 9 , 20 20

_____
**Hon. BARBARA MOSES**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FASHION LEAF GARMENT CO., LTD. and CTR HOLDINGS LLC, <br><br>  Plaintiffs, <br><br>  v. <br><br> RINGER JEANS LLC, RINGER JEANS APPAREL LLC, RINGERJEANS LLC, NEW AGE BRANDING LLC, E-Z APPAREL, LLC, ESSENTIALS NEW YORK LLC, ESSENTIALS NEW YORK APPAREL, LLC, LIMITED FASHIONS, LLC, GABRIEL ZEITOUNI and CHARLES AZRAK, <br><br>  Defendants. <br> ------------------------------------------------- <br> ANHUI GARMENTS IMPORT & EXPORT CO., LTD., <br><br>  Intervenor Plaintiff, <br><br>  v. <br><br> NEW AGE BRANDING LLC, and LIMITED FASHIONS, LLC <br><br>  Intervenor Defendants. | C.A. No. 19-cv-03381-ALC-BCM <br><br> **NON-DISCLOSURE AGREEMENT** |

  I, _____ [print name], acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or "Highly Confidential – Attorneys Eyes Only". I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will

11

return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:_____          _____
                                                            [Signature]