UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

FASHION LEAF GARMENT CO., LTD. and CTR HOLDINGS LLC,

    Plaintiffs,

v.

RINGER JEANS LLC, RINGER JEANS APPAREL LLC, RINGERJEANS LLC, NEW AGE BRANDING LLC, E-Z APPAREL, LLC, ESSENTIALS NEW YORK LLC, ESSENTIALS NEW YORK APPAREL, LLC, LIMITED FASHIONS, LLC, GABRIEL ZEITOUNI and CHARLES AZRAK,

    Defendants.

---

ANHUI GARMENTS IMPORT & EXPORT CO., LTD.,

    Intervenor Plaintiff,

v.

NEW AGE BRANDING LLC LIMITED FASHIONS, LLC, and RINGER JEANS LLC

    Intervenor Defendants.

C.A. No. 19-cv-03381-ALC-BCM

**JURY TRIAL DEMANDED**

## AMENDED AND SUPPLEMENTAL COMPLAINT IN INTERVENTION OF ANHUI GARMENTS IMPORT & EXPORT CO., LTD

Plaintiff Intervenor Anhui Garments Import & Export Co., Ltd ("Anhui") files its Amended and Supplemental Complaint in Intervention against defendants Ringer Jeans LLC ("RJ"), New Age Branding LLC ("New Age"), and Limited Fashions, LLC ("Limited Fashions") (each an "Intervenor Defendant" and collectively, "Intervenor Defendants"), and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Anhui is a Chinese corporation, authorized to conduct business and conducting business in the People's Republic of China with its principal place of business located at 436 Changjiang Road, Heifi, Anhui, China.

2. Upon information and belief, Plaintiff Fashion Leaf Garment Co., Ltd. ("Fashion Leaf") is a Chinese corporation, incorporated under the law of the Hong Kong Special Administrative Region of the People's Republic of China, authorized to conduct business and conducting business in China with its principal place of business located at Room 603, Building 1, Runjing International No. 9, Tianxing Road, Jiangning District, Nanjing, China.

3. Upon information and belief, Plaintiff CTR Holdings LLC ("CTR") is a limited liability company organized under the laws of the State of New York with its principal place of business located at 231 West 39th Street, New York, New York 10018.

4. Upon information and belief, RJ is a limited liability company organized under the laws of the State of New York with its principal place of business located at 148 West 37th Street, New York, New York 10018.  Upon information and belief, Defendant Gabriel Zeitouni ("Zeitouni") is the sole member and owner of RJ.

5. Upon information and belief, Defendant Ringer Jeans Apparel, LLC ("RJA") is a limited liability company organized under the laws of the State of New York with its principal place of business located at 148 West 37th Street, New York, New York 10018.  Upon information and belief, Zeitouni is the sole member and owner of RJA.

6. Upon information and belief, Defendant Ringerjeans, LLC ("Ringer") is a limited liability company organized under the laws of the State of New York with its principal place of

business located at 148 West 37th Street, New York, New York 10018.  Upon information and belief, Zeitouni is the sole member and owner of Ringer.

7. Upon information and belief, New Age is a limited liability company organized under the laws of the State of New York with its principal place of business located at 148 West 37th Street, New York, New York 10018.  Upon information and belief, Zeitouni is the sole member and owner of New Age.

8. Upon information and belief, Defendant E-Z Apparel, LLC ("E-Z") is a limited liability company organized under the laws of the State of New York with its principal place of business located at 148 West 37th Street, New York, New York 10018.  Upon information and belief, Zeitouni is the sole member and owner of E-Z.

9. Upon information and belief, Defendant Essentials New York, LLC ("ENY") is a limited liability company organized under the laws of the State of New York with its principal place of business located at 148 West 37th Street, New York, New York 10018.  Upon information and belief, Zeitouni is the sole member and owner of ENY.

10. Upon information and belief, Defendant Essentials New York Apparel, LLC ("EA") is a limited liability company organized under the laws of the State of New York with its principal place of business located at 148 West 37th Street, New York, New York 10018.  Upon information and belief, Zeitouni is the sole member and owner of EA.

11. Upon information and belief, Limited Fashions is a limited liability company organized under the laws of the State of New York with its principal place of business located at 148 West 37th Street, New York, New York 10018.  Upon information and belief, Zeitouni is the sole member and owner of Limited Fashions.

12. Upon information and belief, the actual place of business of Zeitouni is 148 West 37th Street, New York, New York 10018.

13. Upon information and belief, until March 31, 2019 the actual place of business of Defendant Charles Azrack was at 148 West 37th Street, New York, New York 10018, and at all times thereafter was at 35 West 35th Street, 4th Floor, New York, New York 10001.

14. This Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among all parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

15. Venue is proper as each defendant has its principal place of business in the Southern District of New York.

**FACTS**

16. Plaintiffs Fashion Leaf and CTR (together, "Plaintiffs") commenced Civil Action No. 19-cv-03381 in the United States District Court for the Southern District of New York on April 16, 2019, seeking judgment in their favor and against defendants for, *inter alia*, payment of certain outstanding invoices totaling $3,712,578.70, for goods sold and delivered. D.I. 3 at 5.

17. Plaintiffs' invoices to Defendants, which are reflected in an itemized statement provided in Exhibit C to Plaintiffs' June 21, 2019 First Amended Complaint ("FAC"; D.I. 69-3), are, according to the FAC "for goods sold and delivered by said Plaintiffs to the Defendants, from about August 31, 2018 to about March 4, 2019[,] [t]he goods consist[ing] principally of women's jackets, short trousers, pants and vests." D.I. 69, ¶ 15.

18. A substantial subset of the goods for which Plaintiffs seek payment and recovery from Defendants, however, are garments that Anhui sold to Intervenor Defendants for which Anhui has never received payment.

19. Anhui is primarily engaged in the business of manufacturing and selling women's wear garments of the type identified in the FAC.

20. In pursuit of its business, Anhui sold various women's wear garments to Intervenor Defendants between October 2018 and January 2019.

**Anhui's Sales to New Age**

21. The garments sold by Anhui to New Age, which are included in Fashion Leaf's claims in the FAC, are all itemized and set forth in the Anhui invoices issued to New Age and referenced in the below table by invoice date, invoice number, and invoice amount:

| **Invoice Date** | **Invoice Number** | **Invoice Amount** |
|---|---|---|
| 10/15/2018 | AG18ZCDF160038E | $17,164.80 |
| 10/17/2018 | AG18ZCDF160038F | $96,422.40 |
| 10/24/2018 | AG18ZCDF160038G | $145,248.00 |
| 10/24/2018 | AG18ZCDF160044A | $39,820.20 |
| 10/30/2018 | AG18ZCDF160044B | $58,780.80 |
| 10/30/2018 | AG18ZCDF160038H | $73,112.40 |
| 11/7/2018 | AG18ZCDF160039 | $20,400 |
| 11/12/2018 | AG18ZCDF160039A | $10,302.00 |
| 11/12/2018 | AG18ZCDF160039B | $20,400.00 |
| 11/15/2018 | FEDEX464386441522 | $780 |
| | | **TOTAL: $482,430.60** |

22. Anhui issued the above referenced invoices to New Age and delivered the invoices and invoiced garments to New Age through Fashion Leaf, which served as Anhui's shipping agent for the transactions.

23.     New Age has never paid Anhui for the invoiced garments despite taking possession of the garments.  Upon information and belief, New Age has never paid Fashion Leaf for the invoiced garments delivered by Fashion Leaf, on behalf of Anhui, to New Age.

24.     New Age has never disputed any of the Anhui invoices identified here, and/or complained to Anhui about the garments Anhui sold to it.

25.     New Age has not returned any of the garments to Anhui.

26.     Upon information and belief, RJ was a real party-in-interest involved in the transactions memorialized in the above referenced invoices. The purchase orders in relation to the invoices were originally issued by RJ. RJ subsequently amended the purchase orders to identify New Age as the purchaser.  RJ has never paid Anhui for the invoiced garments.  Upon information and belief, RJ has never paid Fashion Leaf for the invoiced garments delivered by Fashion Leaf, on behalf of Anhui.  RJ has never disputed any of the Anhui invoices identified here, never complained to Anhui about the quality of the garments Anhui sold to it, and/or never returned any of the invoiced garments to Anhui.

**Anhui's Sales to Limited Fashions**

27.     The garments sold by Anhui to Limited Fashions, which are included in Fashion Leaf's claims in the FAC, are all itemized and set forth in the Anhui invoices to Limited Fashions and referenced in the below table by invoice date, invoice number, and invoice amount:

| **Invoice Date** | **Invoice Number** | **Invoice Amount** |
|---|---|---|
| 12/14/2018 | AG18ZCDF160053GZ | $80,226 |
| 12/18/2018 | AG18ZCDF160050BGZ | $147,390 |
| 12/24/2018 | AG18ZCDF160050C | $106,998 |
| 12/28/2018 | AG18ZCDF160050E | $46,920 |

| | | |
|---|---|---|
| 1/4/2019 | AG18ZCDF160053BGZ | $155,040 |
| 1/15/2019 | AG18ZCDF160053CGZ | $43,146 |
| 1/18/2019 | AG19ZCDF160003GZ | $24,948 |
| 1/18/2019 | AG18ZCDF160053DGZ | $50,544 |
| 1/24/2019 | AG19ZCDF160003AGZ | $168,424 |
| | | |
| | | TOTAL: $823,636 |

28. Anhui issued the above referenced invoices to Limited Fashions and delivered the invoices and invoiced garments to Limited Fashions through Fashion Leaf, which served as Anhui's shipping agent for the transactions.

29. Limited Fashions has never paid Anhui for the invoiced garments despite taking possession of the garments. Upon information and belief, Limited Fashions has never paid Fashion Leaf for the invoiced garments delivered by Fashion Leaf, on behalf of Anhui, to Limited Fashions.

30. Limited Fashions has never disputed any of the Anhui invoices identified here, and/or complained to Anhui about the garments Anhui sold to it.

31. Limited Fashions has not returned any of the invoiced garments to Anhui.

32. Upon information and belief RJ was a real party-in-interest involved in the transactions memorialized in the above referenced invoices. The purchase orders in relation to the invoices were originally issued by RJ. RJ subsequently amended the purchase orders to identify Limited Fashions as the purchaser. RJ has never paid Anhui for the invoiced garments. Upon information and belief, RJ has never paid Fashion Leaf for the invoiced garments delivered

by Fashion Leaf, on behalf of Anhui. RJ has never disputed any of the Anhui invoices identified here, never complained to Anhui about the quality of the garments Anhui sold to it, and/or never returned any of the invoiced garments to Anhui.

**COUNT I:**
**Goods Sold and Delivered**
**(As Against New Age and RJ)**

33. Anhui repeats and re-alleges paragraphs 1 through 32 as if fully set forth herein.

34. New Age owes and has failed to pay Anhui $482,430.60 for the garments sold and delivered by Anhui, through Fashion Leaf, to New Age.

35. Because RJ is also a real party-in-interest purchasing the garments, Count I equally applies against RJ.

36. As a direct and proximate result of New Age's and RJ's conduct alleged herein, Anhui has suffered damages, and demands Judgment in its favor on Count I, in the amount of not less than $482,430.60 in compensatory damages plus any further consequential damages, for pre- and post-judgment interest at the statutory rate, for its costs herein incurred and expended, and for such other and further relief as the Court deems just and proper.

**COUNT II:**
**Goods Sold and Delivered**
**(As Against Limited Fashions and RJ)**

37. Anhui repeats and re-alleges paragraphs 1 through 36 as if fully set forth herein.

38. Limited Fashions owes and has failed to pay Anhui $823,636 for the garments sold and delivered by Anhui, through Fashion Leaf, to Limited Fashions.

39. Because RJ is also a real party-in-interest, Count II equally applies against RJ.

40. As a direct and proximate result of Limited Fashion's and RJ's conduct alleged herein, Anhui has suffered damages, and demands Judgment in its favor on Count II, in the amount of not less than $823,636 in compensatory damages plus any further consequential

damages, for pre- and post-judgment interest at the statutory rate, for its costs herein incurred and expended, and for such other and further relief as the Court deems just and proper.

### COUNT III:
### Unjust Enrichment
### (As Against New Age and RJ)

41. Anhui repeats and re-alleges paragraphs 1 through 40 as if fully set forth herein.

42. New Age has wrongfully and unjustly been enriched through Anhui's sale and delivery of the garments at issue in the amount of $482,430.60 which New Age accepted without complaint, did not return, and failed to pay Anhui.

43. As alleged herein, Anhui has conferred a benefit upon New Age and New Age has obtained and retained that benefit without compensating Anhui for it.

44. Because RJ is also a real party-in-interest, Count III equally applies to RJ.

45. As a direct and proximate result of New Age's and RJ's conduct set forth herein, Anhui has suffered damages, and demands Judgment in its favor on Count III, in the amount of not less than $482,430.60 in compensatory damages plus any further consequential damages, for pre- and post-judgment interest at the statutory rate, for its costs herein incurred and expended, and for such other and further relief as the Court deems just and proper.

### COUNT IV:
### Unjust Enrichment
### (As Against Limited Fashions and RJ)

46. Anhui repeats and re-alleges paragraphs 1 through 45 as if fully set forth herein.

47. Limited Fashions has wrongfully and unjustly been enriched through Anhui's sale and delivery of the garments at issue in the amount of $823,636 which New Age accepted without complaint, did not return, and failed to pay Anhui.

48. As alleged herein, Anhui has conferred a benefit upon Limited Fashions and Limited Fashions has obtained and retained that benefit without compensating Anhui for it.

49. Because RJ is also a real party-in-interest, Count IV equally applies to RJ.

50. As a direct and proximate result of Limited Fashion's and RJ's conduct set forth herein, Anhui has suffered damages, and demands Judgment in its favor on Count IV, in the amount of not less than $823,636 in compensatory damages plus any further consequential damages, for pre- and post-judgment interest at the statutory rate, for its costs herein incurred and expended, and for such other and further relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Anhui respectfully requests that this Court enter judgment in its favor as follows:

a. As to the First and Third Causes of Action, awarding Anhui compensatory damages against New Age and RJ, including pre- and post-judgment interest thereon, in an amount to be determined at trial, but not less than $482,430.60;

b. As to the Second and Fourth Causes of Action, awarding Anhui compensatory damages against Limited Fashions and RJ, including pre- and post-judgment interest thereon, in an amount to be determined at trial, but not less than $823,636;

c. As to all Causes of Action, awarding Anhui its costs, legal expenses, and reasonable attorneys' fees incurred in connection with this action; and

d. As to all Causes of Action, awarding Anhui such other and further damages or other relief as the Court deems just and proper.

## **JURY DEMAND**

Anhui demands a trial by jury on all issues so triable.

Dated: New York, New York
November 29, 2022

Respectfully submitted,

KING & WOOD MALLESONS LLP

By:   */s/ Vincent Filardo, Jr.*
     Vincent Filardo, Jr.
500 Fifth Avenue, 50th Floor
New York, NY 10110
(212) 319-4755

*Attorneys for Intervenor Plaintiff
Anhui Garments Import & Export Co., Ltd*

11