UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FASHION LEAF GARMENT CO., LTD.                Case No.: 19-CV-03381-ALC-BCM
and CTR HOLDINGS INC.,

                Plaintiffs,

    -against-

RINGER JEANS LLC, RINGER JEANS
APPAREL LLC, RINGERJEANS LLC, NEW
AGE BRANDING LLC, E-Z APPAREL, LLC,
ESSENTIALS NEW YORK LLC, ESSENTIALS
NEW YORK APPAREL, LLC, LIMITED
FASHIONS, LLC, GABRIEL ZEITOUNI and
CHARLES AZRAK,

                Defendants.
----------------------------------------------------------------X
ANHUI GARMENTS IMPORT & EXPORT CO.,
LTD.,

                Intervenor Plaintiff,

    -against-

NEW AGE BRANDING LLC LIMITED
FASHIONS, LLC, and RINGER JEANS LLC,

                Intervenor Defendants.
----------------------------------------------------------------X

# PLAINTIFFS' LOCAL RULE 56.1 STATEMENT IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

HOGAN & CASSELL, LLP
Attorneys for Plaintiffs
500 North Broadway, Suite 153
Jericho, New York 11753
(516) 942-4700

Pursuant to Rule 56.1(a) of the Rules of this Court, the plaintiffs, Fashion Leaf Garment Co., Ltd. ("Fashion Leaf") and CTR Holdings LLC ("CTR") (collectively "Plaintiffs"), respectfully submit this Rule 56 Statement in support of their motion for summary judgment.

## STATEMENT OF FACTS

| # | PLAINTIFFS' STATEMENT | SUPPORT FOR STATEMENT |
|---|---|---|
| 1. | Plaintiffs filed the original complaint in this action in April 2019. They filed a Second Amended Complaint (the "Complaint") on November 10, 2020. | See original complaint (attached as Exhibit 1 to the Declaration of Michael Cassell ("Cassell Dec.")); Complaint (attached as Exhibit 2 to Cassell Dec.). |
| 2. | Between November 2018 and March 4, 2019, Fashion Leaf sold goods to Ringer Jeans, LLC ("Ringer Jeans") that totaled $4,950,643.48. | See Complaint ¶ 15; see also invoices (attached as Exhibit 3 to Cassell Dec.). |
| 3. | The goods principally consist of women's jackets, short trousers, pants and vests. | See Complaint ¶ 15; see also invoices. |
| 4. | The goods sold by Fashion Leaf to Ringer Jeans passed the inspection according to the requirements of International Universal Standards AQL ("Acceptance Quality Limit") 2.5. | See Declarations of quality conformity of clothing textiles for export (attached as Exhibit 4 to Cassell Dec.). |
| 5. | The transactions were memorialized in 37 invoices that totaled $4,950,643.48, pre-payments made by Ringer Jeans. | See Complaint ¶ 15; see also invoices. |
| 6. | In total, Ringer Jeans paid Fashion Leaf $1,232,643.78[1] for these invoices, leaving a balance owed of $3,717,999.70. | See Complaint ¶ 15; see also invoices. |
| 7. | Of this amount, Fashion Leaf has acknowledged that $1,306,066.60 represented goods that were actually sold by Anhui Garments Import & Export Co., Ltd. ("Anhui"), leaving a balance owed to Fashion Leaf in the amount of $2,411,933.10. | See Complaint ¶¶ 15-16; Exhibit B to Complaint (detailing balanced owed); see also invoices; Declaration of Fashion Leaf's principal, Alex Zhao ("Zhao") (attached as Exhibit 5 to Cassell Dec.). |
| 8. | The first cause of action in the Complaint is for goods | See Complaint ¶¶ 18-19. |

---

[1] The Complaint has a typo in the amount of eight cents. The total payments is $1,232,643.78.

1

| # | PLAINTIFFS' STATEMENT | SUPPORT FOR STATEMENT |
|---|---|---|
| | sold and delivered.  It seeks reimbursement for the $2,411,933.10 owed for goods sold and delivered. | |
| 9. | CTR entered into an Asset Purchase Agreement dated February 18, 2018, with Ringer Jeans whereby CTR purchased from Ringer Jeans certain purchase orders and sales orders (the "Assets"). | See Complaint ¶ 17; Asset Purchase Agreement (attached as Exhibit 6 to Cassell Dec.). |
| 10. | The Asset Purchase Agreement states that the Seller, who is Ringer Jeans, "is winding down its company affairs and desires to sell the Assets." | See Asset Purchase Agreement. |
| 11. | The Asset Purchase Agreement states that upon effectuating the transactions that CTR will transfer the Assets that it obtained from Ringer Jeans to Ringer Jeans Apparel, LLC ("RJA"). | See Asset Purchase Agreement. |
| 12. | Section 5 of the Asset Purchase Agreement states that Ringer Jeans and RJA will utilize commercially reasonable efforts to "source production and manufacturing of RJA's women's sportswear products" on an exclusive basis to Fashion Leaf. | See Asset Purchase Agreement. |
| 13. | The Asset Purchase Agreement contains a non-compete provision, whereby Ringer Jeans and its principal agreed not to compete with RJA in the United States for three years. | See Asset Purchase Agreement. |
| 14. | In or about February 8, 2018, the principal of Ringer Jeans at the time, Gabriel Zeitouni ("Zeitouni"), and Zhao, on behalf of CTR, executed a Limited Liability Company Agreement for RJA. | See RJA Limited Liability Company Agreement (the "Operating Agreement") (attached as Exhibit 7 to Cassell Dec.). |
| 15. | The Operating Agreement provides that CTR can purchase a 2.5% membership interest in RJA, up to a maximum of 50%, for every $75,000 paid by CTR to Ringer Jeans. | See Operating Agreement §§ 1.9, 9.13(1.6). |
| 16. | The Operating Agreement provides that Zeitouni shall on or about May 1, 2018, cause Ringer Jeans to assign to RJA all of Ringer Jeans' licenses. | See Operating Agreement § 6.1(a). |
| 17. | Ringer Jeans never transferred its licenses to RJA. | See Complaint ¶ 17. |

| # | PLAINTIFFS' STATEMENT | SUPPORT FOR STATEMENT |
|---|---|---|
| 18. | Ringer Jeans never transferred any assets to RJA. | See Complaint ¶ 17. |
| 19. | Ringer Jeans never stopped operating its wholesale apparel business. | See Complaint ¶ 17. |
| 20. | RJA never operated a wholesale apparel business. | See Complaint ¶ 17. |
| 21. | The third cause of action in the Complaint is for breach of contract. It seeks reimbursement of the $375,000 paid by CTR to Ringer Jeans pursuant to the Asset Purchase Agreement and the Operating Agreement. | See Complaint ¶¶ 24-28. |
| 22. | Defendants filed an Answer to the Complaint with counterclaim on December 1, 2020. | See Answer (attached as Exhibit 8 to Cassell Dec.). |
| 23. | Zhao is the CEO of Fashion Leaf. Fashion Leaf is a clothing exporter located in China. | See October 7, 2022 deposition of Zhao ("Zhao Day 1 Dep.") (attached as Exhibit 9 to Cassell Dec.) at 9:11-10:23. |
| 24. | Zhao described Fashion Leaf as a trading company. It buys raw materials for clothing and then uses factories to process the clothing. | See Zhao Day 1 Dep. at 15:13-16:20. |
| 25. | Zhao paid in total $375,000 to become a 12.5% shareholder in RJA. | See October 10, 2022 deposition of Zhao ("Zhao Day 2 Dep.") (attached as Exhibit 10 to Cassell Dec.) at 24:6-25:7, 40:15-23, 43:7-44:13. |
| 26. | The goods shipped to Ringer Jeans met AQL 2.5. | See Zhao Day 1 Dep. at 27:13-17, 30:14-20; Zhao Day 2 Dep. at 45:10-48:9. |
| 27. | Charles Azrak ("Azrak") obtained an ownership interest in Ringer Jeans in 2019. | See October 14, 2022 deposition of Charles Azrak ("Azrak Day 1 Dep.") (attached as Exhibit 11 to Cassell Dec.) at 9:7-10:8. |
| 28. | Ringer Jeans is in the business of wholesale ladies clothing. | See Azrak Day 1 Dep. at 10:9-11 |
| 29. | RJA is a company that was created as a partnership between the owner of Ringer Jeans at the time, | See Azrak Day 1 Dep. at 13:8-14:12. |

3

| # | PLAINTIFFS' STATEMENT | SUPPORT FOR STATEMENT |
|---|---|---|
| | Zeitouni, and Zhao. | |
| 30. | RJA never operated. | See Azrak Day 1 Dep. at 15:5-16:17, 96:18-24. |
| 31. | Ringer Jeans first started doing business with Fashion Leaf in 2018.  Ringer Jeans ordered goods from Fashion Leaf by sending purchase orders to Fashion Leaf. | See Azrak Day 1 Dep. at 26:7-31:25. |
| 32. | Ringers Jeans designed the clothing.  Fashion Leaf produced the goods and paid to have the clothing delivered to a warehouse in the United States. | See Azrak Day 1 Dep. at 30:21-31:12, 67:5-68:8. |
| 33. | According to Azrak, T.J. Maxx returned or marked down approximately $1.7 million of the goods provided by Fashion Leaf. | See Azrak Day 1 Dep. at 44:14-46:8. |
| 34. | The goods that were either returned or not accepted by T.J. Maxx went back into Ringer Jeans' inventory. | See Azrak Day 1 Dep. at 46:6-47:17. |
| 35. | Azrak did not know if Ringer Jeans paid Fashion Leaf for any of the goods at issue. | See Azrak Day 1 Dep. at 47:9-48:24. |
| 36. | The goods at issue in the case mainly consist of Tencel fabric style jackets, pants and shorts. | See Azrak Day 1 Dep. at 70:16-71:12. |
| 37. | Zhao paid monies to Ringer Jeans pursuant to the Operating Agreement.  Ringer Jeans used the monies for its own operations. | See Azrak Day 1 Dep. at 98:17-100:6. |
| 38. | Fashion Leaf invoiced Ringer Jeans in excess of $3 million that was not paid by Ringer Jeans.  The goods that comprised these invoices were "liquidated" by Ringer Jeans for $1,269,838.50. | See October 20, 2022 deposition of Charles Azrak ("Azrak Day 2 Dep.") (attached as Exhibit 12 to Cassell Dec.) at 203:23-207:14, 257:13-24; liquidation analysis (attached as Exhibit 13 to Cassell Dec.). |
| 39. | Ringer Jeans did not provide any of the $1,269,838.50 to Fashion Leaf. | See Azrak Day 2 Dep. at 260:3-6. |
| 40. | Ringer Jeans received monies from T.J. Maxx for the | See Azrak Day 2 Dep. at 247:5- |

4

| # | PLAINTIFFS' STATEMENT | SUPPORT FOR STATEMENT |
|---|---|---|
|  | goods provided to T.J. Maxx that were sold by T.J. Maxx. | 14. |

Dated: April 23, 2023

Respectfully submitted,

HOGAN & CASSELL, LLP
Attorneys for Plaintiffs

By: /s/ Michael Cassell
Michael Cassell
500 North Broadway, Suite 153
Jericho, New York 11753
(516) 942-4700